■ In the Matter of the Estate of SOPHIE GOLDMAN, Deceased. SYLVIA GOLDMAN, as Committee of MILDRED GOLDMAN, an Incompetent, Appellant; EDWARD J. S. FARRELL et al., as Administrators C.T.A. of the Estate of SOPHIE GOLDMAN, Deceased, et al., Respondents.— In a proceeding to fix counsel fees under section 231-a of the Surrogate's Court Act, the appeal is from an order of the Surrogate's Court, Queens County, denying appellant's motion to vacate a decree fixing counsel fees. Appellant contends that the failure to name her in the citation in her representative capacity as committee deprived the court of jurisdiction. The citation named her individually and as administratrix *c. t. a.* of the decedent's estate. It also named the incompetent, describing her as an adjudicated incompetent person residing in a State hospital. It was served on appellant individually and as administratrix *c. t. a.* and also as committee. It was also served personally on the incompetent and on the person in charge of the hospital. A special guardian was appointed for the incompetent, who appeared and opposed the application to fix counsel fees. Order affirmed, with $10 costs and disbursements to respondent Loeb, payable by appellant personally. No opinion. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Estate of SOPHIE GOLDMAN, Deceased. EDWARD J. S. FARRELL et al., as Administrators C. T. A. of the Estate of SOPHIE GOLD-MAN, Deceased, et al., Appellants; RALPH LOEB, Individually and as Ancillary Executor of HAROLD GRAHAM, Deceased, et al., Respondents.— In a proceeding to fix counsel fees under section 231-a of the Surrogate's Court Act, the appeal is from an order of the Surrogate's Court, Queens County, denying appellants' motion to vacate a decree fixing counsel fees. Order affirmed, with $10 costs and disbursements to respondent Loeb, payable out of the estate. There is no showing that an opening of default would result in any determination other than that originally made in the sound discretion of the Surrogate, nor is there any showing that the default was in any way inadvertent or excusable. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.